FILED

November 6, 2015

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 11:09 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| **DARYLIN DAUGHERTY** ) | **Docket No.: 2015-05-0152** |
|     **Employee,** ) | |
| **v.** ) | **State File Number: 21911-2015** |
| **WAL-MART ASSOCIATES, INC.** ) | |
|     **Employer,** ) | **Judge Dale Tipps** |
| **And** ) | |
| **NEW HAMPSHIRE INS.** ) | |
|     **Insurance Carrier.** ) | |
| ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Darylin Daugherty, pursuant to Tennessee Code Annotated section 50-6-239 (2014). The present focus of this case is whether Ms. Daugherty is entitled to medical treatment for her hernia. The central legal issue is whether Ms. Daugherty is likely to establish she suffered a hernia arising primarily out of and in the course of her employment. For the reasons set forth below, the Court finds Ms. Daugherty is not entitled to the requested benefits at this time.

## History of Claim

Ms. Daugherty is a sixty-seven-year-old resident of Giles County, Tennessee. She testified she works for Wal-Mart, where she has been a cashier for approximately four years. On March 9, 2015, she was working a four-hour shift when she lifted a larger item from the checkout belt and set it on the bagging carousel. She felt a burning pull in her stomach area. It did not hurt for long, so she finished her shift and went home. While taking her shower at home, she noticed a bulge on her abdomen. She did not have the bulge when she took her shower before going to work.

Ms. Daugherty testified she reported the incident when she returned to work the next day. Her supervisor took her to a room where she discussed the injury with at least three people. She initially told them she had lifted a larger object, but she was not sure exactly what the object was. She thought it was either soda or water. After a while, her

1

supervisors began pressing her to recall exactly what kind or brand of water she lifted. As a result, Ms. Daugherty also began referring to the object as bottled water.

Ms. Daugherty's supervisors asked if she needed to go to the doctor. She told them that, since she already had a doctor's appointment scheduled in two days, she would just ask her personal physician to check on the bulge. Her supervisors agreed and asked Ms. Daugherty to fill out an incident report.

Dr. Sara Bush examined Ms. Daugherty on March 12, 2015. She noted Ms. Daugherty reported feeling a quick burn in her abdomen when she picked up a heavy box of water. Dr. Bush diagnosed a ventral hernia. (Ex. 2.)

Ms. Daugherty returned to work after seeing Dr. Bush, and Wal-Mart provided her a list of physicians. She selected Dr. Charles Haney, and Wal-Mart set up an appointment.

Dr. Haney examined Ms. Daugherty on March 13, 2015. She gave a history of feeling a burning sensation when she picked up a case of water. Dr. Haney diagnosed an umbilical hernia. (Ex. 3.)

In the Associate Incident Report completed by Ms. Daugherty on March 13, 2015, she wrote, "I was checking a person out with a lg. 24+ pk. of water that they had set on table, when I picked it up to scan it I felt a tear (pain) on my stomach." Ms. Daugherty signed the form, which qualifies as a Tennessee Rules of Civil Procedure Rule 72 declaration made under penalty of perjury, on March 10, 2015. (Ex. 8.)

Ms. Daugherty's affidavit of June 17, 2015, states: "On March 9th 2015 I was scanning a large case of water, after scanning it (the customer had put it on the belt) I was moving it to the middle section of the turntable when I felt a burning around my navel." (Ex. 1.)

Wal-Mart's store manager, Susan Wright, testified that she participated in an investigation of Ms. Daugherty's claim. She reviewed Ms. Daugherty's transaction log for March 9 and identified five separate transactions involving purchases of bottled water. She also explained Wal-Mart's in-store cameras recorded all the transactions conducted by Ms. Daugherty on the alleged injury date, including the bottled water purchases. Ms. Wright reviewed the video footage for the relevant transactions and did not observe Ms. Daugherty lifting any large packs of water.

Ms. Daugherty filed a Petition for Benefit Determination seeking medical treatment. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Ms. Daugherty filed a Request for Expedited Hearing, and this Court heard the matter on October 29, 2015. At the

Expedited Hearing, Ms. Daugherty asserted she is entitled to medical treatment because she properly reported a workplace hernia. Wal-Mart countered that Ms. Daugherty is not entitled to any workers' compensation benefits because she cannot prove her condition arose primarily out of her work. It also contends Ms. Daugherty has not met the particular statutory requirements for hernia claims.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[1] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

In order for an injury to be compensable, it must be accidental. Under the Tennessee Workers' Compensation Law, an injury is accidental "only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014). As Ms. Daugherty alleges to have suffered a hernia, she bears the additional burden of proving:

(1) There was an injury resulting in hernia or rupture;
(2) The hernia or rupture appeared suddenly;
(3) It was accompanied by pain;
(4) The hernia or rupture immediately followed the accident; and

---

[1] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a) (2014).

After reviewing both the transaction log (Ex. 9) and the video (Ex. 10), the Court cannot find at this time that Ms. Daugherty is likely to prevail at a hearing on the merits. In two sworn statements and in the history she gave to two physicians, Ms. Daugherty described the mechanism of injury as lifting a large case of bottled water. Although she alleges this occurred during her shift on March 9, 2015, the video recording of her shift shows no such transaction. Under these circumstances, Ms. Daugherty has not identified the requisite specific incident "arising primarily out of and in the course and scope of employment, and . . . identifiable by time and place of occurrence."

Ms. Daugherty claims her supervisors pressured her into identifying the mechanism of injury as lifting a case of water. This is plausible, especially in regard to the Associate Incident Report she filled out in their presence. However, her continued description of the case of water to her doctors and in her June 17, 2015 Affidavit is more difficult to reconcile. Ms. Daugherty did not offer testimony or affidavits from any of the supervisors present during the meeting when she completed her report. Absent testimony corroborating her description of the conversation, the Court cannot simply ignore Ms. Daugherty's prior sworn testimony. As that testimony describes an incident that did not occur, Ms. Daugherty is not likely to meet her burden of proof at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Daugherty's claim against Wal-Mart and its workers' compensation carrier for the requested medical benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on December 15, 2015, at 9:00 a.m.

   **ENTERED this the 6th day of November, 2015.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

4

<u>Initial (Scheduling) Hearing</u>:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **<u>filing fee in the amount of $75.00.</u>** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **<u>Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.</u>**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the

purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of Darylin Daugherty
2. Records from Dr. Sara Bush
3. Records from Dr. Charles Haney
4. C-20 First Report of Injury
5. C-41 Wage Statement
6. C-42 Choice of Physician Form
7. Associate Incident Report
8. Temporary Duty Assignment
9. Transaction Log
10. Video Recording of Ms. Daugherty's transactions on March 9, 2015
11. Edited Video Recording

Technical record:[2]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 6th day of November, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Darylin Daugherty | | | X | Darylin8@gmail.com |
| Jay Johnson, Esq. | | | X | jay@cmwatsonlaw.com |

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**